Filed 7/8/26  Van Taylor v. Optima Escrow CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THRIS VAN TAYLOR, et al., | B328348 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22STCV06520) |
| v. | |
| OPTIMA ESCROW, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

Thris Van Taylor, a Law Corporation and Thris Van Taylor for Plaintiffs and Appellants.

Forry Law Group and Craig B. Forry for Defendants and Respondents.

Attorney Thris Van Taylor (and his firm, Thris Van Taylor, a Law Corporation; collectively, "Van Taylor") brought this action against a former client, Katie L. Little, to recover unpaid fees and other debt. Van Taylor also sued Optima Escrow, Inc., and two affiliated individuals, Marty Rangel, and Mumtaz Thakor (collectively, "Optima").[1] Using Optima as the escrow company, Little sold real property to a third party. Van Taylor contends Optima should have disbursed part of the sale proceeds directly to him to satisfy Little's debt.

On appeal, Van Taylor argues the trial court erroneously sustained Optima's demurrer to his first amended complaint and abused its discretion by denying leave to amend. He also contends the trial court erroneously denied his motion to tax Optima's memorandum of costs. We reject these arguments and affirm the judgment.

## OPTIMA'S DEMURRER

After the trial court sustained Optima's demurrer to Van Taylor's first amended complaint without leave to amend, it entered a judgment of dismissal for Optima. Van Taylor timely appealed.

### I. Legal Standard on Demurrer

On review of a judgment entered after demurrer, we "examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We assume ultimate facts are true, but do not

---

[1] For clarity and ease of reading, we refer to Van Taylor and Optima in the singular.

accept contentions or conclusions of law or fact. (*Fox v. JAMDAT Mobile, Inc.* (2010) 185 Cal.App.4th 1068, 1078.) Where "the allegations in the complaint conflict with attached exhibits, we rely on and accept as true the contents and legal effect of the exhibits." (*Chisom v. Board of Retirement of Fresno County Employees' Retirement Assn.* (2013) 218 Cal.App.4th 400, 410.)

## II. Summary of Allegations

Beginning in 2015, Van Taylor represented Little in several actions and other matters. Little owed Van Taylor at least $200,000 in legal fees. Three retainer agreements between Van Taylor and Little provided that Van Taylor would be "given a lien on any recovery, as security for payment of . . . fee[s] and disbursements." Little later agreed to pay Van Taylor from proceeds received from selling a residential property. Van Taylor also lent Little $23,000 to repair and remodel the property before sale.

Little entered an agreement to sell the property for $950,000. She and the buyer opened an escrow with Optima. Three times during escrow, Van Taylor demanded that Optima directly pay him to satisfy Little's unpaid fees. Little initially instructed Optima to pay Van Taylor $200,000.[2] But shortly afterwards, Little told Optima " 'not to pay any money to Thris Van Taylor . . . at the close of escrow.' " She then instructed Optima " 'to disregard any invoices' " from Van Taylor. Little

[2] The attached exhibit shows Little's letter to Optima stated she disputed the amount she owed Van Taylor and was "willing to pay, at most, $200,000." The letter does not specifically instruct Optima to pay Van Taylor directly from the sale proceeds.

3

wrote, " '<u>Payment to Thris Van Taylor shall be handled outside of escrow</u> and Escrow Holder is only authorized to pay liens <u>of record payments to third parties stated by me through written instructions</u>."

Via Little's instructions, Van Taylor became "a party to the" escrow "or a third party beneficiary" or "assignee" to the escrow. Optima "advised, aided, abetted, conspired, prepared, [and] counseled Little" to sign the escrow instructions and thereby deprived Van Taylor of the money Little owed him.

Based on these allegations, Van Taylor brought seven causes of action against Optima.

## III. Van Taylor Does Not Allege Sufficient Facts for His Causes of Action Against Optima

The first amended complaint alleges insufficient facts to state a cause of action against Optima under any legal theory.

### A. 2nd Cause of Action for "Breach of Third Party Contract"

An escrow holder generally owes no duty to third parties. (*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.* (2002) 27 Cal.4th 705, 711 (*Summit*).) The holder need not " 'police the affairs of its depositors'; rather, [its] obligations are 'limited to faithful compliance with [the depositors'] instructions.' " (*Ibid.*) Van Taylor does not allege facts establishing an exception to this principle.

Van Taylor contends he was a party to the contract or a third party beneficiary of the contract between Little and Optima. "A fundamental rule of contract formation and interpretation is that the terms of a contract are determined by the parties' objective manifestations of consent." (*Tufeld*

4

*Corporation v. Beverly Hills Gateway, L.P.* (2022) 86 Cal.App.5th 12, 30.) Someone who is not a party to a contract can sue for breach of the contract if the defendant breaches "a promise which, if performed, would have benefited the third party." (*Souza v. Westlands Water Dist.* (2006) 135 Cal.App.4th 879, 891.)

The first amended complaint alleges only bare legal conclusions that Van Taylor was a party or third party beneficiary to the escrow. He does not allege facts establishing either conclusion. Van Taylor alleges he "became a party to . . . or a third party beneficiary to" the escrow because Little initially told Optima she was "willing to pay Mr. Taylor no more than $200,000." These allegations expressly rely on attached exhibits that negate these legal conclusions. Little's letter to Optima dated February 13, 2020, states, "I am willing to pay, at most $200,000." She reiterated, "Again, I am willing to pay Mr. Taylor no more than $200,000." Nothing in this writing objectively manifests an intention to make Van Taylor a party to or beneficiary of the contract. By using "I" in these statements, Little indicated an amount she personally was willing to pay Van Talor. This letter does not instruct Optima to directly pay him.

Moreover, we interpret part of a writing " ' "in the context of that instrument as a whole." ' " (*Harper v. Wausau Ins. Co.* (1997) 56 Cal.App.4th 1079, 1086.) Little's letter dated February 13, 2020, consistently asserts her opposition to Van Taylor's demands. She wrote she was "in distress about the excessive bill," the amount was "exorbitant," and she believed she was "being taken advantage of because of [her] age." The letter states, "[I]f this is not resolved I feel I must seek other legal remedies." Given this context, one cannot reasonably interpret

the letter as instructing Optima to directly pay Van Taylor the $200,000 she was "willing to pay."

Van Taylor further alleges he "became a third party beneficiary to the escrow" because, when Little entered a listing agreement with a real estate agent, one purpose of the agreement was for Little to use the sale proceeds to pay Van Taylor "through [e]scrow." He does not, however, allege facts showing the parties objectively manifested any intent to benefit him. This paragraph of the first amended complaint cites attached exhibits (correspondence) that are dated months after the listing agreement. In any event, the exhibits do not indicate any intent to benefit Van Taylor.

Van Taylor also argues he can enforce the escrow contract as Little's assignee. " '[An] assignment, to be effectual, must be a manifestation to another person by the owner of the right indicating his intention to transfer . . . the right to such other person, or to a third person.' " (*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 989–990.) "In determining whether an assignment has been made, 'the intention of the parties as manifested in the instrument is controlling.' " (*California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2012) 203 Cal.App.4th 1328, 1335.)

Van Taylor does not allege sufficient facts showing Little assigned her right to payment from Optima. As with his contentions he was a party to or third party beneficiary of the escrow, Van Taylor alleges he "became . . . an assignee of the $200,000" because of Little's letter to Optima dated February 13, 2020. Nothing in this letter objectively manifests Little intended to transfer her right to $200,000 from Optima. The letter states

6

she was "willing to pay" him $200,000 but does not assign him ownership of that sum and does not instruct Optima to pay him.

Van Taylor cites authority stating, " 'In the event of a conflict or apparent error in instructions, the escrow holder is obliged to take corrective steps before obeying questionable instructions.' " (*Kirk Corp. v. First American Title Co.* (1990) 220 Cal.App.3d 785, 807.)  The obligation is part of the duty an escrow holder owes *to its principal.* (*Id.* at pp. 806–807; *Diaz v. United California Bank* (1977) 71 Cal.App.3d 161, 171.)  This authority does not mean an escrow holder owes any such duty to *third parties.*

This cause of action also fails because, assuming Van Taylor once was a party, third party beneficiary, or Little's assignee, the first amended complaint's allegations and exhibits show Little rescinded any such contract.  "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."  (Civ. Code, § 1559.)  Just as "a party to an escrow may issue new instructions to the escrow holder in the form of an assignment" (*Summit, supra,* 27 Cal.4th at p. 714), a party may issue new instructions to not pay the former assignee.  (See *Feinberg v. Intrastate Escrow Corporation* (1963) 216 Cal.App.2d 80, 83 (*Feinberg*) ["An escrow, even one made for the benefit of a third party, is subject to cancellation before the third party enforces it"].)

Before Van Taylor brought this action, Little expressly instructed Optima not to pay him.  Van Taylor alleges no facts establishing (nor makes any argument for) any basis to limit Little's power to modify or rescind her instructions to Optima.

Contrary to Van Taylor's assertion, *Feinberg* does not support his position.  There, the court held that—based on

equitable estoppel—an escrow holder owed a duty to a third party beneficiary of a cancelled escrow.  (*Feinberg, supra,* 216 Cal.App.3d at p. 85.)  Equitable estoppel requires: "(1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel had the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must rely on the conduct to his prejudice."  (*Butler America, LLC v. Aviation Assurance Company, LLC* (2020) 55 Cal.App.5th 136, 147.)  In *Feinberg*, the escrow holder "actively lulled plaintiff into continuing his patient wait for the escrow to close by saying nothing of the cancelled instructions and by assuring him that all was well with the escrow and counseling further patience."  (*Feinberg,* at p. 85.)

Van Taylor does not allege sufficient facts to invoke equitable estoppel.  Rather than being ignorant of the fact that Optima would not directly pay him, the exhibits attached to the first amended complaint show Van Taylor received a copy of Little's letter disputing the debt.  And Van Taylor does not allege Optima did anything to mislead him.  To the contrary, the attached exhibits show Optima informed him Little disputed the debt and told him to direct any questions to her.  Nor does Van Taylor allege facts showing he relied on any conduct by Optima. Instead, he repeatedly demanded money from Optima, including after receiving Little's letter opposing his demands.

Lastly, Van Taylor argues Little's answer admitted plaintiffs were parties, third party beneficiaries, or assignees to the escrow.  Van Taylor did not include Little's answer in the appellate record and therefore forfeited any argument relying on it.  Appellants bear the burden of presenting an adequate record

on appeal to establish that the trial court erred.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)

Although Van Taylor's designation of the record on appeal does not include Little's answer, he attached a document he claims is Little's answer to his reply brief.  It is improper, however, to simply attach exhibits, not part of the record on appeal, to an appellate brief.  (*Ilczyszyn v. Southwest Airlines Co.* (2022) 80 Cal.App.5th 577, 587, fn. 9; *Midwife v. Bernal* (1988) 203 Cal.App.3d 57, 60, superseded by statute on another ground as noted in *Kohan v. Cohan* (1991) 229 Cal.App.3d 967, 969.)

Even if we considered Little's purported answer, it does not support Van Taylor.  This appeal concerns Optima, not Little.  Van Taylor provides no authority nor reason why Little's answer binds other defendants.  And even if Optima admitted these allegations, that would not suffice because (as discussed above) they are legal conclusions.  A defendant's answer may only admit "facts, not legal theories or conclusions" or "assertions involving a mixed question of law and fact."  (*Stroud v. Tunzi* (2008) 160 Cal.App.4th 377, 384.)

### B. 3rd Cause of Action for Breach of Covenant of Good Faith and Fair Dealing

Van Taylor does not allege sufficient facts for this cause of action because he was not a party to a contract with Optima.  Breach of the implied covenant of good faith and fair dealing requires an underlying contract.  (*Bevis v. Terrace View Partners, LP* (2019) 33 Cal.App.5th 230, 252.)  For the reasons given above, Van Taylor does not allege facts establishing he had any contract with Optima or any other right to enforce Optima's contract with Little.

9

## C. 4th Cause of Action for Negligence

Van Taylor cannot succeed on this cause of action because he does not allege facts establishing Optima owed any duty to him. Negligence requires " 'a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury.' " (*Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP* (2014) 59 Cal.4th 568, 573.) An escrow holder owes no legal duty to those who are not parties to the escrow. (*Summit, supra,* 27 Cal.4th at pp. 715–716; *Alereza v. Chicago Title Co.* (2016) 6 Cal.App.5th 551, 558–562.) Van Taylor does not allege sufficient facts to establish an exception to this rule.

## D. 5th Cause of Action for Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress requires: " ' " ' "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." ' " ' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050.)

As a matter of law, Van Taylor's allegations against respondents do not constitute extreme and outrageous conduct. The conduct " 'must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.' " (*Moncada v. West Coast Quartz Corp.* (2013) 221 Cal.App.4th 768, 780.) False representations about compensation may "demonstrate callous disregard for plaintiffs' professional and personal well-being" but are insufficient for intentional infliction of emotional distress.

(*Id.* at pp. 780–781.) The first amended complaint alleges Optima schemed to deprive Van Taylor of money Little owed him. That is a simple financial dispute, not outrageous conduct beyond the bounds of human decency.

### E. 6th & 7th Causes of Action for "Fraud and Deceit" and "Intentional Misrepresentation"

The first amended complaint does not allege sufficient facts for fraud or intentional misrepresentation, which are the same cause of action. "The elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.' " (*Anderson v. Deloitte & Touche* (1997) 56 Cal.App.4th 1468, 1474.) Fraud "must be pled specifically; general and conclusory allegations do not suffice." (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 (*Lazar*).) The plaintiff must " 'plead[ ] *facts* which "show how, when, where, to whom, and by what means the representations were tendered." ' " (*Ibid.*)

Van Taylor does not allege Optima made any misrepresentations that can support a fraud cause of action. Instead, he alleges Little made false promises to pay for his legal services and to repay a loan. Van Taylor's fraud causes of action thus entirely depend on his civil conspiracy and aiding and abetting claims.

A civil conspiracy claim fails where "the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty." (*Doctors' Co. v. Superior Court* (1989) 49 Cal.3d 39, 44.) Here, Optima did not personally

11

owe any duty to Van Taylor. He seeks to hold Optima liable solely for its actions as Little's escrow agent. Van Taylor thus fails to allege facts supporting liability based on civil conspiracy.

Liability for aiding and abetting a tort applies in two circumstances. First, a defendant is liable for aiding and abetting a tort if it "gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." (*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 846 (*Saunders*).) This theory fails for the same reason as civil conspiracy: Optima had no independent duty to Van Taylor.

Second, a defendant is liable for aiding and abetting a tort if it "knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act." (*Saunders, supra,* 27 Cal.App.4th at p. 846.) This theory fails because Van Taylor does not specifically allege facts showing Optima knew Little was committing fraud. The first amended complaint itself establishes what Optima knew: Little disputed the debt to Van Taylor and, as Optima's principal, she instructed it not to pay Van Taylor and to let her resolve that dispute outside of escrow. These allegations do not show Optima knew that Little's conduct was tortious.

Assuming Optima can be held liable for *Little's* conduct (it cannot), Van Taylor's fraud causes of action still fail. The only potential fraud here is promissory fraud: "A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud." (*Lazar, supra,* 12 Cal.4th at p. 638.)

Van Taylor does not specifically allege facts showing Little made any promise without the intent to perform. The first amended complaint merely makes conclusory allegations that "all

12

of Little's representation was false and Little knew they were false," she "made false promises and representation[s]," and "knew the representation was false when she made it." Reviewing similar assertions in a complaint, another division of this court held "[t]hese allegations are the very sort of general and conclusory allegations that are insufficient to state a [promissory] fraud claim." (*Reeder v. Specialized Loan Servicing LLC* (2020) 52 Cal.App.5th 795, 804.) The same reasoning applies here.

### F. 8th Cause of Action for Conversion

Lastly, the first amended complaint does not allege sufficient facts for conversion. " ' "The elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." ' " (*Plummer v. Day/Eisenberg, LLP* (2010) 184 Cal.App.4th 38, 45 (*Plummer*).) Plaintiffs must allege they are " ' *entitled to immediate possession at the time of conversion.*" ' " (*Ibid.*) " '[A] mere contractual right of payment, without more, will not suffice.' " (*Ibid.*)

Van Taylor does not allege facts showing he had the immediate right to possess any of the money Optima held in escrow. "[A] valid attorney's lien" can give an attorney "an immediate right to possess [the client's] settlement funds" or other money recovered in a proceeding. (*Plummer, supra,* 184 Cal.App.4th at p. 46.) Under each retainer agreement, the attorney's liens were "on any recovery" in the prior actions. Van Taylor alleges Optima converted money paid from the buyer to purchase Little's real property. He does not allege Optima converted money obtained as proceeds from the actions where he represented Little.

13

Van Taylor's allegations show no more than a contractual right to payment from Little. His pending claim against Little did not give him the immediate right to possess $200,000 she received from any source.

**IV. Van Taylor Shows No Reasonable Possibility of Amendment**

Van Taylor contends the trial court abused its discretion by sustaining the demurrer without leave to amend and by hearing the demurrer before a pending informal discovery conference. Where "the demurrer was sustained without leave to amend, we consider whether there is a 'reasonable possibility' that the defect in the complaint could be cured by amendment." (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.) Plaintiffs bear the burden of showing they can amend the pleading to cure the defect. (*Ibid.*) Van Taylor does not meet this burden.

He contends the court should not have ruled on the demurrer before a pending informal discovery conference. Van Taylor does not adequately explain how additional discovery could have allowed him to cure the first amended complaint's defects. His opening brief includes new exhibits not attached to the first amended complaint. None of them shows Van Taylor has a reasonable possibility of curing the defects in his first amended complaint. To the contrary, the document titled "proceeds instructions–seller" directly contradicts Van Taylor's assertions that Little instructed Optima to disburse money to Van Taylor. The instructions state the payment of $203,146.77 is for "legal fees," but expressly direct that payment be made to an account held by Little, not Van Taylor. This document indicates Optima fulfilled its duty to comply with Little's instructions.

14

Van Taylor also notes the first amended complaint filed below has four missing pages. But he gives no reason why the omitted allegations would cure any defect in his causes of action. The omitted pages include no new substantive allegations.

Sustaining Optima's demurrer without leave to amend was not an abuse of discretion.

### VAN TAYLOR'S MOTION TO TAX COSTS

Van Taylor argues the trial court erroneously denied his motion to tax Optima's memorandum of costs. The motion contended only that Optima's memorandum of costs was untimely. Van Taylor makes the same argument on appeal. For reasons we shall explain, we are unpersuaded.

"A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first." (Cal. Rules of Court, rule 3.1700(a).) For this deadline, "the operative event is entry of *judgment,* not" any other order or procedure that leads to judgment. (*Haley v. Casa Del Rey Homeowners Assn.* (2007) 153 Cal.App.4th 863, 880 [special verdict was not judgment].) A memorandum of costs served and filed before judgment is "premature." (*Ibid.*)

Van Taylor argues Optima had to serve and file the memorandum of costs within 15 days of serving the "Notice of Entry of Judgment or Order" on March 21, 2023. Optima's "Notice of Entry of Judgment or Order" gave notice of the order sustaining its demurrer on March 13, 2023. That unsigned order was not a judgment. (See Code Civ. Proc., § 581d ["All dismissals

15

ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes"].) The court did not enter a signed judgment until May 11.  The judgment then became "effective for all purposes" (*ibid.*), including triggering the deadline to serve and file a memorandum of costs.  Optima served notice of entry of the judgment on May 12, then timely filed and served the memorandum of costs on May 22 and the amended memorandum of costs on May 23.

Even if Optima's memorandum of costs were untimely, the court had discretion to allow the costs.  Courts may permit an untimely memorandum of costs so long as the opposing party "had the full opportunity to challenge" the prevailing party's costs.  (*Cardinal Health 301, Inc. v. Tyco Electronics Corp.* (2008) 169 Cal.App.4th 116, 155.)  Van Taylor had (and took) that opportunity.  But he made no substantive challenge to Optima's costs.

The trial court did not err in denying Van Taylor's motion to tax Optima's costs.

16

## DISPOSITION

The judgment is affirmed.  Respondents Optima Escrow, Inc., Marty Rangel, and Mumtaz Thakor shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                             TAMZARIAN, J.


We concur:



ZUKIN, P. J.



MORI, J.